### SUTHERLAND et al. v. PEARCE.

(Circuit Court of Appeals. Ninth Circuit. April 10, 1911.)

No. 1,947.

1. APPEAL AND ERROR (§ 351*)—TIME TO APPEAL—STATUTES.

Under Code Civ. Proc. Alaska § 506, requiring the taking of an appeal within one year after entry of judgment, a second appeal taken within the year to preserve appellant's rights on appeal, notwithstanding the dismissal of a prior appeal, is taken in time, and, where the prior appeal is lost, the second appeal becomes effective.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 351.*]

2. COURTS (§ 405*)—CIRCUIT COURT OF APPEALS—ORDER GRANTING SUPERSEDEAS—STATUTES.

Under Rev. St. §§ 1007, 1012 (U. S. Comp. St. 1901, pp. 714, 716), requiring plaintiff in error or appellant to give security within 60 days after rendition of judgment, or afterwards with the permission of a justice of the appellate court, a justice of the Circuit Court of Appeals may, on the application of appellant taking a second appeal after the dismissal of his first appeal, permit him to give a supersedeas bond after the expiration

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the 60 days; the dismissal of the first appeal being due to the failure of the clerk of the trial court to send up the record in due season.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 405.*].

Appeal from the District Court of the United States for Division No. 1 of the District of Alaska.

Action by Charles Pearce against W. J. Sutherland and another. There was a judgment for plaintiff, and defendants appeal. Motion to set aside an order granting supersedeas denied.

See, also, 186 Fed. 783.

W. C. Sharpstein, for appellants.

G. C. Israel, J. A. Hellenthal, and Grant H. Smith, for appellee.

Before MORROW, Circuit Judge, and VAN FLEET and DIETRICH, Disitrict Judges.

MORROW, Circuit Judge. The appeal in this case docketed as No. 1,932 having been docketed by counsel for appellee and dismissed on January 5, 1911, upon the production of the certificate of the clerk of the District Court of Alaska reciting certain proceedings in that court, and this court having adjourned to the first Monday in February, the appellants filed a petition in the District Court of Alaska for a second appeal on January 24, 1911, and the appeal was on that day allowed. A cost bond in the sum of $500 was thereafter given and filed by the appellants. On the same day application was made to Judge Morrow of this court in San Francisco to fix the amount of a supersedeas bond on the second appeal. An order was accordingly made fixing such bond in the sum of $30,000. Under this order a supersedeas bond was filed February 7, 1911, in the District Court of Alaska, approved by Judge Lyons of that court.

[1] Under section 506 of the Alaska Code of Civil Procedure, the time for taking an appeal from the decree of June 1, 1910, will not expire until June 1, 1911. The second appeal was therefore taken in time, and, if it should turn out that the first appeal was lost, such second appeal would become effective. This second appeal appears to have been taken for the purpose of preserving whatever rights appellants might have on proceedings on appeal notwithstanding the dismissal of the first appeal. An order having now been made by this court setting aside the dismissal of the first appeal and restoring that appeal with its supersedeas bond, it is not necessary to make any final order at this time with respect to the order granting supersedeas on the second appeal. The order will be allowed to stand until the appeal in the first case is heard on the merits.

[2] But as the motion is made by the appellee to set aside the order granting the supersedeas on the second appeal upon the grounds, among others, that more than 60 days had expired after the entry of the final judgment and decree in the said action in the court below before this supersedeas bond was made, the court will indicate its views with respect to that feature of the motion. Section 1007 of the Revised Statutes (page 714, U. S. Comp. St. 1901) provides that, in any case where a writ of error may be a supersedeas, the defendant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

may obtain such supersedeas by serving the writ of error by lodging a copy thereof for the adverse party in the clerk's office where the record remains within 60 days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law on the issuing of a citation. It is further provided that, if he desires to stay process on the judgment, he may, having served his writ of error, give the security required by law within 60 days after the rendition of the judgment, or afterwards with the permission of a justice or judge of the appellate court. By section 1012 (page 716) the provisions of this section were made applicable to appeals. It was under the last provision of section 1007 that the supersedeas order now complained of was made by a judge of this court on January 24, 1911, on the ground that it appeared from the showing made that an appeal had been taken from the decree within 60 days after the entry of the decree in the District Court and the clerk of the District Court had failed to send up a record in due season upon the first appeal.

In Slaughterhouse Cases, 10 Wall. 273, 291, 19 L. Ed. 915, the court said:

"Power to issue a supersedeas to a judgment rendered in a subordinate court does not exist in this court where the writ of error is not sued out and served within 10 days (extended to 60 days by section 11, Act of June 1, 1872, c. 255, 17 Stat. 198) from the date of the judgment, except where the aggrieved party is obliged to sue out a second writ of error in consequence of the neglect of the clerk below to send up the record in season, or where the granting of such a writ is necessary to the exercise of the appellate jurisdiction of the court, as where the subordinate court improperly rejected the sureties to the bond because they were not residents of the district."

We think the facts in this case bring it squarely within the statute and within the rule stated in the foregoing case. The motion to set aside the order granting the supersedeas is therefore denied.

This case, however, will be set for a hearing with the first appeal on the May calendar without prejudice to the right of the appellee to make such motion at that time as he may be advised with respect to this appeal, and the orders herein made.

It is so ordered.